UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RAYMOND ALBERTH,**

    **Plaintiff,**

v.                                 Case No. 19-CV-62

**SOUTHERN LAKES PLUMBING &**
**HEATING, INC. and SCOTT PLUCINSKI,**

    **Defendants.**

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

On December 16, 2019, the Defendants moved for sanctions against Raymond Alberth and his counsel for filing unsealed, unredacted documents containing private and confidential information in violation of Fed. R. Civ. P. 5.2(a). (Docket # 26, Docket # 27.) Defendants also moved to require withdrawal of the documents from the record. (*Id.*) For the reasons below, I will deny the motions.

### BACKGROUND

Alberth sued the Defendants for violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (Docket # 1.) On November 15, 2019, Alberth filed a motion for summary judgment (Docket # 19) accompanied by counsel's declaration (Docket # 22). Attached to the declaration were documents containing social security numbers, dates of birth, bank account numbers, and/or insurance policy numbers of Alberth, defendant Plucinski, and a number of third parties. (Docket # 22.)

On December 16, 2019—one month later—the Defendants filed their motion for sanctions and for withdrawal of the declaration from the record. (Docket # 26.) That same

1

day, counsel for Alberth filed motions to seal the declaration and replace it with a redacted version, which were granted. (Docket # 31, Docket # 33.) Alberth filed his response to the motion for sanctions and withdrawal of the documents on January 6, 2020. (Docket # 39.) The deadline for filing a reply has now passed. Civ. L.R. 7(c) (E.D. Wis.).

## ANALYSIS

A court has inherent authority to impose appropriate sanctions to penalize and discourage misconduct. *Cree, Inc. v. BHP Energy Mexico S. De R.L. De C.V.*, 335 F. Supp. 3d 1105, 1114 (E.D. Wis. 2018) (citing *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991))). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776 (citations omitted). "Mere clumsy lawyering is not enough" to justify a finding of abuse of process or bad faith. *Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018). "The sanction imposed should be proportionate to the gravity of the offense." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)).

The Defendants assert that they are entitled to sanctions because the filing of these documents violated the individuals' privacy and Fed. R. Civ. P. 5.2(a), which requires redaction of social security numbers, financial account numbers, and other sensitive information.[1] (Docket # 27 at 1–2.) The Defendants request that the court (1) dismiss Alberth's motion for summary judgment; (2) require the withdrawal from the record of the entirety of counsel's declaration containing the information; (3) require Alberth's counsel to

---

[1] The Defendants' motion also cites Civ. L.R. 79(d) (Docket # 26), but the memorandum in support does not develop any argument under the local rules (Docket # 27) so I will not address this further.

2

notify all impacted third parties of the inappropriate disclosure of their private information; (4) require Alberth's counsel to provide Defendant Plucinski and all impacted third parties with individualized credit reports and credit monitoring for twelve months; and (5) award costs and fees incurred in bringing the motion for sanctions and for withdrawal of the documents.

Counsel for Alberth argues against sanctions on the basis that he filed the unredacted documents by mistake and immediately took steps to correct the error and mitigate any damage upon learning of his misstep. (Docket # 39 at 1–3.) Alberth also points out that defendants failed to mitigate the harm caused by the disclosure by waiting for thirty days and then filing a motion for sanctions, instead of notifying him immediately at which point he would have filed motions to seal and to file the redacted documents. (*Id.* at 3–4.)

There is no question that Alberth's counsel violated Fed. R. Civ. P. 5.2. However, I find that this was a genuine mistake rather than an act of bad faith or an attempt to abuse the judicial process. Tellingly, along with personal identifying information of the defendant and other third parties, counsel for Alberth disclosed personal identifying information of his own client and an apparent relative of his client. Immediately upon recognizing his mistake, Alberth's counsel filed a motion to seal and requested that the document be replaced with a redacted version; sent notice to the individuals whose information had been disclosed; and invited the individuals to contact him with questions and to notify him of any adverse consequences resulting from the disclosure so he could resolve them to the individuals' satisfaction. (Docket # 40.) The Defendants, who filed no reply, do not dispute any of this. I will not impose sanctions for counsel's genuine mistake, especially as he has already taken sensible steps to remediate the problem. *See Fuery*, 900 F.3d 463; *cf. Luttrell v. McDonald's Corp.*, No. 3:04-CV-00117-JDT-WG, 2004 WL 2750244, at *6 n.6 (S.D. Ind. Nov. 2, 2004)

(declining to impose sanctions for disclosure of date of birth absent finding of willfulness or bad faith); *DeSouza v. Park West Apartments, Inc.*, No. 3:15-CV-01668 (MPS), 2018 WL 7575205, at *1 (D. Conn. June 14, 2018) (willingness to remedy a violation of redaction rule as soon as it is brought to party's attention ameliorates the need for sanctions) (citing *Barclay v. Pawlak*, No. 3:09-CV-722(CSH), 2009 WL 4609768, at *2 (D. Conn. Dec. 4, 2009); *Arismendy v. United States Comm'r of Internal Revenue*, No. CV H-17-938, 2018 WL 1122482, at *2 (S.D. Tex. Mar. 1, 2018); *Nazarova v. Duke Univ.*, No. 1:16CV910, 2017 WL 823578, at *10 (M.D.N.C. Mar. 2, 2017)). I also decline to order the withdrawal of the documents from the record, because the unredacted versions are now sealed (Docket # 22) and redacted versions have been filed (Docket # 42).

The security of personal information is important, and attorneys should pay strict attention to ensuring that filings contain all required redactions. Counsel for Alberth should understand that future violations of this nature could expose him to sanctions. Additionally, the Defendants should be aware that the court expects good-faith attempts to work with opposing counsel to resolve such matters without court intervention before it will entertain motions for sanctions.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendants' motion for sanctions and motion for withdrawal of the record (Docket # 26) are **DENIED**.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge